**BROWNING**

v.

**NORTH GATEWAY TIRE, INC. et al.**

Ohio Court of Common Pleas,
Medina County.

No. 97 CIV 0477.

Decided Oct. 1, 1997.

*Todd O. Rosenberg* and *Marvin H. Schiff,* for plaintiff Willis D. Browning.

**2**

*Eugene Meador,* for defendant North Gateway Tire, Inc. et al.

———————

JAMES L. KIMBLER, Judge.

This matter came to be heard on the motion of the defendants for summary judgment pursuant to Civ.R. 56. In support of the motion, the defendants filed a memorandum and the deposition of the plaintiff. The plaintiff failed to file a responsive pleading. For reasons set forth below, the court denies the motion for summary judgment.

The defendants' motion involves an analysis of R.C. 2745.01. That statute was passed by the General Assembly and took effect on November 1, 1995. The plaintiff's claim arose on November 7, 1995. Therefore, his claim is governed by that section of the Revised Code.

R.C. 2745.01 purports to do several things. In subsection (A), the statute states that an employer shall not be liable for an intentional tort arising out of the course of employment except as in accordance with the statute. In subsection (B), the statute sets forth the burden of proof in such cases, which is by clear and convincing evidence. Subsection (C) attempts to control how Ohio courts shall rule on motions for summary judgment and how pleadings are to be verified. Subsection (D) sets forth definitions of terms used in the statute.

This court believes that subsection (C) is in conflict with Section 5, Article IV of the Ohio Constitution, also known as the "Modern Courts Amendment," adopted by a vote of the people in 1968. Subsection (B) of that section gives to the Ohio Supreme Court the power to promulgate rules of procedure in all courts of the state. Civ.R. 56, which involves motions for summary judgment, and Civ.R. 11, dealing with the signing of pleadings, were adopted pursuant to this section of the Ohio Constitution. To the extent that R.C. 2745.01(C) deals with matters dealt with in those rules, it is invalid and of no effect. Therefore, in ruling on the defendants' motion, the court is relying exclusively on the language of Civ.R. 56 as adopted by the Supreme Court of Ohio, and not on subsection (C) of R.C. 2745.01.

Therefore, the issue is whether there is a genuine issue of material fact regarding the plaintiff's allegations. The defendants are entitled to a summary judgment only if reasonable minds could come to only one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). Even if a party does not respond to a motion for summary judgment, a trial court still has to undertake the analysis required by Civ.R. 56(C). Civ.R. 56(E).

Although the defendants have presented a copy of the plaintiff's deposition, from which they make an inferential argument that the plaintiff does not have a

case, they have not supplied affidavits or other material in which it is clearly stated that they did not mean to intentionally injure the plaintiff. While this court believes that it is possible that a motion for summary judgment could be granted based on inferences from a nonmoving party's deposition, this is not the case. Therefore, the motion is overruled.

*So ordered.*